## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

SOUTHEAST DEVELOPMENT
PARTNERS, LLC, a Florida
limited liability company; and
SOUTHEAST LAND VENTURES,
LLC, a Florida limited liability
company,

      Plaintiffs/Counter-
      Defendants,

vs.                                                         CASE NO.:

ST. JOHNS COUNTY, FLORIDA,
a political subdivision of the State
of Florida,

      Defendant/Counter-Plaintiff,

vs.

DAY LATE ENTERPRISES, INC.,
a Florida for-profit corporation,

      Counter-Defendant.
_____/

### NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE THAT**, Defendant, ST. JOHNS COUNTY,

FLORIDA, a political subdivision of the State of Florida (the "County"), by and

through undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and

1446, Fed. R. Civ. P. 81(c), and M.D. Fla. Loc. R. 1.06, hereby removes this action

from the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.  In support of this Notice of Removal, the County states as follows:

## PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS

1.      The County is a defendant in a civil action styled *Southeast Development Partners, LLC, and Southeast Land Ventures, LLC, v. St. Johns County, Florida v. Day Late Enterprises, Inc.*, Case No. 2023-CA-306, which is pending in the Circuit Court of Seventh Judicial Circuit in and for St. Johns County, Florida.

2.      Plaintiff, Southeast Development Partners, LLC ("Southeast Partners") filed a civil action against the County on March 14, 2023.

3.      Thereafter, on June 20, 2023, Southeast Partners sought leave to file an Amended Complaint for Declaratory, Injunctive, and Other Relief (the "Amended Complaint"), which relief was granted by Order dated June 26, 2023.[1] The Amended Complaint joined Southeast Land Ventures, LLC ("Southeast Ventures") as a co-plaintiff.  Plaintiffs' Amended Complaint asserts for the first time in this action federal claims against the County through 42 U.S.C. §§ 1983 and 1988 claiming

---

[1] Pursuant to the Order, the Amended Complaint was deemed filed on June 26, 2023.

2

violations under the Fifth and Fourteenth Amendments to the United States Constitution.

4.     The County has been served with the Amended Complaint.

## GROUNDS FOR REMOVAL

5.     The Amended Complaint presents a federal question under Count IV in which Plaintiffs allege a violation of Plaintiffs' civil rights through the deprivation of due process rights.  Specifically, Plaintiffs' Amended Complaint purports to seek relief against the County under the laws of the United States, *i.e.*, 42 U.S.C. § 1983, for which this Court has original, federal question, and civil rights jurisdiction.

## PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

6.     As the County is a political subdivision of the State of Florida and has been named as the only defendant in the Amended Complaint and was served through electronic service, the County has the power to remove this case to this Court.

7.     The County was electronically served with the state court's order granting Plaintiffs leave to file an amended complaint on June 26, 2023.  The County is provided thirty (30) days following receipt of service of the Amended Complaint to remove this action.  28 U.S.C. § 1446(b)(3).  Thus, the County may remove this action on or before July 26, 2023.

8. Pursuant to 28 U.S.C. § 1441, the County is entitled to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, because, pursuant to the allegations in and as of the filing of the Amended Complaint, this is now a civil action over which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Venue in the United States District Court for the Middle District of Florida, Jacksonville Division, is proper because: (1) this action is pending in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida; (2) a substantial part of the events or omissions giving rise to the claims within the Amended Complaint occurred in St. Johns County, Florida; and (3) a substantial part of the property that is the subject of the Amended Complaint is situated in St. Johns County, Florida.

10. After filing this notice of removal, the County will promptly serve written notice of this removal on counsel for all adverse parties and will file the same with the Clerk of the Circuit Court of St. Johns County, Florida, in accordance with 28 U.S.C. § 1446(d).

11. True and correct copies of all papers docketed in the state court, including all process, pleadings, motions, and papers served on or by the County in the action pending in St. Johns County Circuit Court are attached herewith.

## <u>NON-WAIVER OF DEFENSES</u>

12.    By removing this action from St. Johns County Circuit Court, the County does not waive any available defenses.

13.    By removing this action from St. Johns County Circuit Court, the County does not admit that any of the allegations in Plaintiffs' Amended Complaint are meritorious.

**WHEREFORE**, Defendant, ST. JOHNS COUNTY, FLORIDA, removes the above-captioned action from the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.


[Remainder Intentionally Blank]

Respectfully submitted,

/s/ *Gregory T. Stewart*
GREGORY T. STEWART
Florida Bar No. 203718
CARLY J. SCHRADER
Florida Bar No. 14675
MATTHEW R. SHAUD
Florida Bar No. 122252
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 (Facsimile)
gstewart@ngnlaw.com
cschrader@ngnlaw.com
mshaud@ngnlaw.com
legal-admin@ngnlaw.com

**ATTORNEYS FOR
DEFENDANT/COUNTER-
PLAINTIFF ST. JOHNS
COUNTY, FLORIDA**

## LOCAL RULE 2.02(a) DESIGNATION

In accordance with M.D. Fla. Loc. R. 2.02(a), the County designates Gregory T. Stewart of the law firm of Nabors, Giblin & Nickerson, P.A., as lead counsel in this action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Electronic Mail on this 20th day of July, 2023, to:

ERIN J. TILTON, ESQ.
GLENN BURHANS, JR., ESQ.
LIZ DESLOGE ELLIS, ESQ.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
106 E. College Avenue, Suite 700
Tallahassee, Florida 32301
etilton@stearnsweaver.com
gburhans@stearnsweaver.com
lellis@stearnsweaver.com

JACOB T. CREMER, ESQ.
NICOLE A. NEUGEBAUER, ESQ.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602
jcremer@stearnsweaver.com
nneugebauer@stearnsweaver.com

**COUNSEL FOR PLAINTIFFS/COUNTER-DEFENDANTS
SOUTHEAST DEVELOPMENT PARTNERS, LLC and
SOUTHEAST LAND VENTURES, LLC,
and COUNTER-DEFENDANT
DAY LATE ENTERPRISES, INC.,**

/s/ *Gregory T. Stewart*
GREGORY T. STEWART