UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

SOUTHEAST DEVELOPMENT
PARTNERS, LLC, a Florida
limited liability company; and
SOUTHEAST LAND VENTURES,
LLC, a Florida limited liability company,

    Plaintiffs/Counter-Defendants,

vs.

                          3:23-cv-00846-MMH-PDB

ST. JOHNS COUNTY, FLORIDA,
a political subdivision of the State
of Florida,

    Defendant/Counter-Plaintiff,

vs.

DAY LATE ENTERPRISES, INC.,
a Florida for-profit corporation,

    Counter-Defendant.
_____/

**DAY LATE ENTERPRISES, INC.'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW**

Counter-Defendant DAY LATE ENTERPRISES ("**Day Late**"), moves to dismiss the Second Amended Counterclaim (ECF No. 31) ("Second Amended Counterclaim") filed against it by Defendant/Counter-Plaintiff, ST. JOHNS COUNTY, FLORIDA (the "**County**"), stating as follows:

## BACKGROUND

Southeast Development Partners, LLC (**"SEDP"**) and the County entered into a Concurrency and Impact Fee Credit Agreement (the "**Agreement**"), wherein SEDP would pay approximately $15 million toward public roadway improvements to address the anticipated transportation impacts of the Grand Oaks Planned Unit Development (the **"Project"**). When construction costs for those improvements skyrocketed, the County claimed SEDP was in default of the Agreement for failing to spend $57 million (i.e., nearly four times the agreed amount and more than the total construction cost for the entire Project) to construct the improvements.

Upon the County finding SEDP in default and ordering disbursement of more than $5 million paid under the Agreement – payments the County was obligated but failed to hold in a separate escrow account – SEDP filed a Complaint for Declaratory, Injunctive, and Other Relief in St. Johns County Circuit Court. The Complaint was later amended. The operative Amended Complaint for Declaratory, Injunctive, and Other Relief (ECF No. 5) (**"Amended Complaint"**) seeks a declaration from the Court that the County's default finding is improper, and includes claims for breach of the Agreement, inverse condemnation, and violations of due process under 42 U.S.C. § 1983. The Amended Complaint also joins Southeast Land Ventures, LLC (**"SELV"**), as a plaintiff based on an assignment of certain development rights in the Project, including rights under the Agreement.

Day Late is not a party to, an intended beneficiary of, or mentioned in, the Agreement, nor does it have any rights or obligations under the Agreement. Regardless, the County filed a Third-Party Complaint in state court naming Day Late as a defendant to claims for breach and specific performance of the Agreement to which Day Late is not a party. The County alleged only that Day Late "is or was the legal title holder of the real property which is the subject of the Agreement," and that the "matters at bar cannot be fully adjudicated without affecting Day Late's interests." Third-Party Comp. ¶ 4. The County pled no additional facts, nor did it request any relief, as to Day Late. To avoid dismissal,[1] the County instead filed an Amended Counterclaim in state court, this time adding Day Late as a defendant to declaratory judgment claims – again – for breach of contract and specific performance of the Agreement to which Day Late is not a party. Shortly thereafter, the County filed a Notice of Removal (ECF No. 1), invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331.

Day Late moved to dismiss the Amended Counterclaim because it failed to allege any facts, or seek any relief from, Day Late. (ECF No. 15). Subsequently on

---

[1] Dismissal of the County's prior Third-Party Complaint would have been appropriate both because the County failed to allege indemnification, subrogation, or contribution as required for a third-party complaint under Florida law, *Dhaliwal v. Don L. Leasing Co.*, 600 So. 2d 533, 534 (Fla. 4th DCA 1992), and because non-parties to a contract cannot be sued for breach, *Morgan Stanley DW Inc. v. Halliday*, 873 So. 2d 400, 403 (Fla. 4th DCA 2004).

3

December 29, 2023, the County filed an Unopposed Motion for Leave to Amend Counterclaim (ECF No. 29), which the Court granted on January 2, 2024. (ECF No. 30). The County's Second Amended Counterclaim was deemed to be filed on January 3, 2024. As a result of the second amendment, this Court entered an Order denying Date Late's Motion to Dismiss as moot on January 4, 2024. (ECF No. 32).

As was the case with the Amended Counterclaim, the Second Amended Counterclaim is a specious attempt to disguise the County's improper breach and specific performance claims under the guise of Florida's Declaratory Judgment Act. Count I seeks a declaration that the Agreement obligates SEDP and SELV to pay $57 million to construct public roadway improvements and that SEDP and SELV breached the Agreement by failing to fulfill certain obligations under the Agreement. Count I also seeks a declaration that SEDP and SELV's breach allows the County to implement a de facto moratorium by halting additional plat approvals, use funds paid under the Agreement to cover the costs of the Florida Department of Transportation constructing the roadway improvements, and require SEDP and SELV to assign roadway design and permit documents to the County free of charge. Second Amend. Counter. ¶¶ 35-39. In the alternative, Count II seeks a declaration that the Agreement obligates SEDP and SELV to pay $57 million to construct public roadway improvements and an order requiring SEDP and SELV to construct those roadway improvements. *Id.* ¶¶ 40-42.

Similar to the prior Third-Party Complaint and Amended Counterclaim, the Second Amended Counterclaim fails to allege any facts against, or seek any relief from, Day Late. The County simply states that disposing of the action will impair or impede Day Late's interest in the development rights afforded under the Agreement, and then fails to so much as reference Day Late in Count I, Count II, or in the County's requested relief. Finally, the County has exercised its ability to amend the pleadings as to Day Late on two separate occasions and is now beyond the time frame in which to amend the pleadings, pursuant to this Court's Scheduling Order. (ECF No. 19). As to Day Late, the Second Amended Counterclaim should be dismissed with prejudice.

## MEMORANDUM OF LAW

### I. Legal Standard for Motion to Dismiss

A motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005). The Rule provides for dismissal if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In deciding whether a pleading fails to state a claim, courts are limited to considering "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.,*

5

*Inc.*, 358 F. 3d 840, 845 (11th Cir. 2004). While the Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff," *Pielaae v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008), conclusory allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint is not required to include detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Second Amended Counterclaim, like its predecessors, makes no factual allegation of liability as to Day Late, let alone a plausible claim. Construed in the light most favorable to the County, the Second Amended Counterclaim does not – and cannot – state a claim against Day Late. As such, Day Late must be dismissed with prejudice. *Ziemba v. Cascade Intern., Inc.*, 256 F. 3d 1194, 1213 (11th Cir.

2001) ("if a more carefully drafted complaint could not state a claim . . . , dismissal with prejudice is proper.").

## II. Joining Day Late as a Counter-Defendant is Improper

As a threshold matter, the Court should dismiss or drop Day Late from this action based on misjoinder. In its Second Amended Counterclaim, the County attempts to justify joining Day Late by alleging:

> Day Late is a Florida for-profit corporation doing business within St. Johns County, Florida. Day Late is or was the legal title holder of the real property which is the subject of the Agreement. At the time the Agreement was executed, Day Late owned the entire approximate 524-acre subject property, but now, after conveying individual parcels or tracts, Day Late holds title to the remaining acreage. Day Late's presence is necessary for this Court to grant complete relief in the determination of the County's counterclaim. Day Late, as owner of the real property subject to the Agreement, possesses an interest in the subject of the action and is so situated that disposing of the action will impair or impede Day Late's interest in the development rights afforded under the Agreement. Day Late is joined hereto as required by Federal Rule of Civil Procedure 19(a)(1)(B).

Second Amend. Counter. ¶ 6. These vague allegations provide no basis for imposing upon Day Late any liability for breach of, or obligation to perform under, the Agreement. Federal Rule of Civil Procedure 19 does not support including Day Late as a party in this proceeding.

Day Late is not an indispensable party *required* to be joined under Rule 19, nor does the Second Amended Counterclaim allege any facts upon which the Court

could conclude otherwise. Both counts of the Second Amended Counterclaim – neither of which include a single allegation against or so much as mention Day Late – ask the Court to declare the rights and obligations ***of the parties to the Agreement***. Second Amend. Counter. ¶¶ 1, 13, 35-42. Rule 19 "require[s] joinder of parties to a challenged contract *but not non-parties* to the contract at issue who are otherwise impacted by the court's adjudication of that contract." *Raimbeault v. Accurate Machine & Tool, LLC*, 302 F.R.D. 675, 684 (S.D. Fla. 2014) (emphasis added). Reading the plain language of the Agreement, which the County incorporated by reference into the Second Amended Counterclaim, Day Late is indisputably a ***non-party*** to the Agreement. *See Hi-Tech Pharmaceuticals, Inc. v. HBS Int'l Corp.*, 910 F. 3d 1186, 1189 (11th Cir. 2018) (on a motion to dismiss, courts may consider documents incorporated by reference into the complaint). Day Late is not, contrary to the County's claim, an indispensable party for Rule 19 purposes.

Although not cited by the County, Day Late is not ***permitted*** to be joined under Rule 20, which allows defendants to be joined in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *See also Union v. Montenegro*, 2012 WL 2401784, at *4 (M.D. Fla. June 25, 2012) (persons joined as defendants "must be interested in claims that arise

8

out of the same transaction or occurrence, or series of transactions or occurrences"). Here, the Second Amended Counterclaim does not assert **any** right to relief against, nor could **any** questions or law or fact arise as to, Day Late.

While misjoinder is not grounds for dismissing an entire action, "[o]n a motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Dropping a party from a lawsuit under Rule 21 "is left to the sound discretion of the trial court." *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F. 2d 1036, 1045 (11th Cir. 1986). In determining whether dropping a party is justified, "courts evaluate whether dismissal of parties would cause substantial prejudice." *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1223 (S.D. Fla. 2016). Importantly, when dealing with contractual disputes, courts will exercise the discretion under Rule 21 to drop defendants who are not parties to the contract at issue and against whom the plaintiff does not have a cognizable cause of action. *See Berntheizel v. Safeco Ins. Co.*, 343 F.R.D. 657, 662 (S.D. Fla. 2023) ("As the record makes clear, and as Plaintiff has not meaningfully refuted, this is a contractual dispute between Safeco and Plaintiff involving the rights afforded to each other under their insurance agreement and Florida law. None of the defendants in this case – aside from Safeco – is a party to that insurance contract, and Plaintiff does not have a cognizable cause of action against any of the defendants aside from Safeco . . . Dismissal under Rule 21 is

proper."). This Court should exercise that same discretion and drop Day Late from the Second Amended Counterclaim.

### III. The County Fails to State a Cause of Action as to Day Late

The Court should also dismiss the Second Amended Counterclaim because it fails to state a cause of action as to Day Late. The Second Amended Counterclaim contains two counts brought under Florida's Declaratory Judgment Act, which is substantive and remedial in nature. *See* Fla. Stat. § 86.101 ("This chapter is declared to be substantive and remedial."). Accordingly, Florida law governs this analysis.[2] *Maher v. Rockhill Ins. Co.*, 2019 WL 5084093, at *2 (M.D. Fla. 2019) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) and *Hartford Accident & Indem. Co. v. Beaver*, 466 F. 3d 1289, 1291 (11th Cir. 2006)).

In Florida, a claim for declaratory judgment requires a party to plead "that there is a bona fide adverse interest between the parties regarding a right, power, or privilege of the plaintiff, that the plaintiff has a doubt about the existence of such right or privilege, and that the plaintiff is entitled to have the doubt removed." *Adams Partners, Inc. v. Bentley Motors, Inc.*, 2007 WL 1812278, at *1 (S.D. Fla.

---

[2] Where federal courts sit in diversity, district courts in the Eleventh Circuit have come to differing conclusions regarding whether federal or state law applies to a claim for declaratory judgment under Florida's Declaratory Judgment Act. *See Diamond State Insurance Co. v. Boys' Home Assoc., Inc.*, 2014 WL 4626597, at *2 (M.D. Fla. 2014). However, as a practical matter, "the elements required under the federal and state declaratory judgment acts are not materially different." *Meir v. Hudson Specialty Ins. Co.*, 2022 WL 787942, at *2 n. 2 (S.D. Fla. 2022).

2007) (citing *Floyd v. Guardian Life Ins. Co. of America*, 415 So. 2d 103, 104 (Fla. 3d DCA 1982)). In the Second Amended Counterclaim, the County alleges "Day Late is or was the legal title holder of the real property which is the subject of the Agreement," Second Amend. Counter. ¶ 6, and that "Day Late was the original applicant under the County's Proportionate Fair Share Program," but "[t]hereafter, Southeast Partners also applied to obtain the County's approval of a Concurrency and Impact Fee Credit Agreement to develop residential and commercial units on Day Late's property under the same terms and conditions." *Id.* at ¶ 7. No other facts are alleged (and no relief is sought) as to Day Late. Taken as true for purposes of this Motion, these allegations do not plausibly establish that Day Late has a "bona fide adverse interest" regarding "a right, power, or privilege" under the Agreement.

To the contrary, the Second Amended Counterclaim alleges "[t]here is a bona fide, actual, present, practical need for the declaration, and the rights, powers, and obligations of **the County and the Developer** are dependent on the facts of the law applicable to the facts." *Id.* at ¶ 11 (emphasis added). "Developer" – as defined in the Second Amended Counterclaim – includes SEDP and SELV (not Day Late).

Finally, while the County labels its claims "Declaratory Judgment – Breach of Contract" and "Declaratory Judgment – Specific Performance," the Court could reasonably construe these as claims for breach of the Agreement, and, in the alternative, specific performance thereof. The County cannot state such a claim as

11

to Day Late - which is not a party to the Agreement.[3] In the end, the County's contorted recasting of its claims and addition of Day Late appears to be a vain attempt to gain some leverage.

### Local Rule 3.01(g) Certification

The undersigned hereby certifies that, in compliance with Local Rule 3.01(g), prior to filing Day Late conferred with the County by email in a good faith effort to resolve the Motion. The parties cannot agree on the resolution of all or part of the Motion, and the County objects to the relief requested herein.

### CONCLUSION

Accordingly, for the foregoing reasons, Day Late respectfully requests that the Court dismiss the Second Amended Counterclaim against it with prejudice and grant such other relief as the Court deems just and proper.

---

[3] A non-party to a contract may not sue or be sued for breach, unless the non-party is an intended third-party beneficiary. *Morgan Stanley DW Inc. v. Halliday*, 873 So. 2d 400, 403 (Fla. 4th DCA 2004). To qualify as an intended third-party beneficiary, the contract must clearly express an intent to "primarily and directly benefit the third party" or a class of persons to which that party belongs. *Aetna Cas. & Sur. Co. v. Jelac Corp.*, 505 So. 2d 37, 38 (Fla. 4th DCA 1987). Where, as here, a complaint for breach of contract is brought against a non-party and does not allege the non-party is an intended third-party beneficiary, dismissal is appropriate. *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994).

Respectfully submitted,

**STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.**

  s/ *Erin J. Tilton*
**Glenn Burhans, Jr.**
Florida Bar No. 0605867
**Erin J. Tilton**
Florida Bar No. 104729
**Liz Desloge Ellis**
Florida Bar No. 97873
**Hannah E. Murphy**
Florida Bar No. 1032759
106 E. College Avenue, Suite 700
Tallahassee, Florida 32301
Telephone: (850) 580-7200
gburhans@stearnsweaver.com
etilton@stearnsweaver.com
lellis@stearnsweaver.com
hmurphy@stearnsweaver.com

    and

**Jacob T. Cremer**
Florida Bar No. 83807
**Nicole A. Neugebauer**
Florida Bar No. 1025043
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602
(813) 223-4800 / (813) 222-5089 (fax)
jcremer@stearnsweaver.com
nneugebauer@stearnsweaver.com

*Counsel for Day Late Enterprises, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via the CM/ECF system on this 17th day of January, 2024, to the following:

Gregory T. Stewart
Carly J. Schrader
Matthew R. Shaud
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
gstewart@ngnlaw.com
cschrader@ngnlaw.com
mshaud@ngnlaw.com
legal-admin@ngnlaw.com

Alain E. Boileau
Nabors, Giblin & Nickerson, P.A.
8201 Peters Road, Suite 1000
Plantation, Florida 33324
aboileau@ngnlaw.com
legal-admin@ngnlaw.com

*Counsel for St. Johns County, Florida*

　　　　　　　　　s/ *Erin J. Tilton*
　　　　　　　　　Attorney