# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Jacksonville Division

SOUTHEAST DEVELOPMENT
PARTNERS, LLC, a Florida
limited liability company; and
SOUTHEAST LAND VENTURES,
LLC, a Florida limited liability company,

      Plaintiffs/Counter-Defendants,

vs.

3:23-cv-00846-MMH-PDB

ST. JOHNS COUNTY, FLORIDA,
a political subdivision of the State
of Florida,

      Defendant/Counter-Plaintiff,

vs.

DAY LATE ENTERPRISES, INC.,
a Florida for-profit corporation,

      Counter-Defendant.
_____/

## SOUTHEAST LAND VENTURES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO ST. JOHNS COUNTY'S SECOND AMENDED COUNTERCLAIM

Plaintiff/Counter-Defendant, Southeast Land Ventures, LLC ("SELV"), hereby files its Answer and Affirmative Defenses to the Second Amended Counterclaim for Declaratory Judgment and Supplemental Relief ("Counterclaim") filed by Defendant/Counter-Plaintiff, St. Johns County ("County").

# ANSWER TO COUNTERCLAIM

SELV pleads as follows in response to the corresponding numbered paragraphs in the Counterclaim. To the extent not specifically admitted below, SELV denies all allegations contained in the Counterclaim.

## Nature of the Action

1. Admitted that the County seeks to state a cause of action for declaratory judgment. Exhibit A speaks for itself. Otherwise, denied.

2. Admitted.

3. Admitted.

4. Admitted that Southeast Ventures is a Florida limited liability company. Exhibit B speaks for itself. Otherwise, denied.

5. Admitted.

6. Admitted that Day Late is a Florida corporation. Otherwise, denied.

7. Exhibit 1 speaks for itself. Otherwise, denied.

8. Admitted for jurisdictional and venue purposes only.

9. Admitted for jurisdictional and venue purposes only.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## Background

14. Admitted that a Comprehensive Plan amendment application was submitted to the County. The referenced application speaks for itself. Otherwise, denied.

15. The referenced development applications and regulatory requirements speak for themselves. Otherwise, denied.

16. The referenced development applications and regulatory requirements speak for themselves. Otherwise, denied.

17. The Agreement speaks for itself. Otherwise, denied.

18. The Agreement speaks for itself. Otherwise, denied.

19. The referenced development approvals speak for themselves. Otherwise, denied.

20. The Agreement speaks for itself. Otherwise, denied.

21. The Agreement speaks for itself. Otherwise, denied.

22. The Agreement speaks for itself. Otherwise, denied.

23. The Agreement speaks for itself. Otherwise, denied.

24. The Agreement speaks for itself. Otherwise, denied.

25. The Agreement speaks for itself. Otherwise, denied.

26. The Agreement speaks for itself. Otherwise, denied.

27. Admitted that an application to amend the Agreement was submitted. That application speaks for itself. Otherwise, denied.

28. The Agreement speaks for itself. Otherwise, denied.

29. Admitted that the BOCC denied the request to modify the Agreement. Admitted that the BOCC made an illegal default finding. Denied that the BOCC considered the request to modify the Agreement. Otherwise, denied.

30. Without knowledge, therefore denied.

31. The Agreement speaks for itself. Otherwise, denied.

32. Denied.

33. Admitted that the County seeks to state a cause of action for declaratory judgment. Otherwise, denied.

34. Denied.

## COUNT I
### Declaratory Judgment – Breach of Contract

35. SELV maintains and re-states its answers to the allegations in Paragraphs 1-34.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

4

WHEREFORE, SELV denies that the County is entitled to the relief requested in the Counterclaim or to any other relief. SELV respectfully requests that the Court enter an order denying the County's Counterclaim and for all other relief that may be necessary and proper as the Court determined under the circumstances.

**COUNT II**
**Declaratory Judgment – Specific Performance**
**(Alternative Claim for Relief to Count I)**

40. SELV maintains and re-states its answers to the allegations in Paragraphs 1-34.

41. Denied.

42. Denied.

WHEREFORE, SELV denies that the County is entitled to the relief requested in the Counterclaim or to any other relief. SELV respectfully requests that the Court enter an order denying the County's Counterclaim and for all other relief that may be necessary and proper as the Court determined under the circumstances.

**AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

<u>First Affirmative Defense</u>. SELV did not accept, nor did Southeast Development Partners, LLC ("SEDP") assign, any obligations under the Agreement. As such, SELV cannot be liable for any alleged breach of the Agreement, nor can SELV be required to specifically perform such obligations. *See Kornblum v. Henry E.*

*Mangels Co.*, 167 So. 2d 16 (Fla. 3d DCA 1964); *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1309 (11th Cir. 2006). As such, the County fails to state a claim as to SELV.

<u>Second Affirmative Defense</u>. The County's lack of privity with SELV bars the County's breach of contract claim.

<u>Third Affirmative Defense</u>. Even if SELV could be liable for an alleged breach of the Agreement (which it cannot), the County's claims are barred by the doctrine of unclean hands. The County consented to the Florida Department of Transportation ("FDOT") assuming responsibility for the SR 16 Improvements, prompting SEDP to submit an application requesting to amend the Agreement. The County subsequently unlawfully found SEDP in default of the Agreement, despite the knowledge that it had no legal basis to do so, and directed disbursement of over $5 million to FDOT for its use in constructing the SR 16 Improvements. For these and other reasons, the County comes to this Court with unclean hands and should be denied the requested relief.

<u>Fourth Affirmative Defense</u>. Even if SELV could be liable for an alleged breach of the Agreement (which it cannot), the County's claims are barred by the doctrine of frustration of purpose. The County consented to FDOT assuming responsibility for the SR 16 Improvements, prompting SEDP to submit an application requesting to amend the Agreement. The County subsequently unlawfully found SEDP in default of the Agreement, despite the knowledge that it had no legal basis to do so, and directed disbursement of over $5 million to FDOT for its use in constructing the SR 16

Improvements. These and other actions by the County have frustrated or destroyed the value of performance.

Fifth Affirmative Defense. Even if SELV could be liable for an alleged breach of the Agreement (which it cannot), the County's claims are barred by the doctrine of estoppel. The County consented to FDOT assuming responsibility for the SR 16 Improvements, but then unlawfully found SEDP in default of the Agreement, and ordered the disbursement of over $5 million to FDOT. Because of these and other actions, the County is estopped from suing SELV based on an alleged breach of the Agreement.

Sixth Affirmative Defense. Even if SELV could be liable for an alleged breach of the Agreement (which it cannot), the County's claims are barred by the doctrine of waiver. The County consented to FDOT assuming responsibility for the SR 16 Improvements, prompting SEDP to submit an application to the County requesting to amend the Agreement. The County subsequently unlawfully found SEDP in default of the Agreement, despite the knowledge that it had no legal basis to do so, and directed disbursement of over $5 million to FDOT for its use in constructing the SR 16 Improvements. By these and other actions, the County has relinquished its rights to performance under the Agreement.

Seventh Affirmative Defense. Even if SELV could be liable for an alleged breach of the Agreement (which it cannot), the County's claims are barred by the

doctrine of impossibility. The County consented to FDOT assuming responsibility for the SR 16 Improvements, prompting SEDP to submit an application requesting to amend the Agreement. The County subsequently unlawfully found SEDP in default of the Agreement, despite the knowledge that it had no legal basis to do so, and directed disbursement of over $5 million to FDOT for its use in constructing the SR 16 Improvements. These and other actions by the County have rendered performance impossible.

Eighth Affirmative Defense. Even if SELV could be liable for an alleged breach of the Agreement (which it cannot), the County's anticipatory breach of the Agreement relieves SELV of any attendant obligations it may have had under the Agreement and bars the County's requests for equitable relief. *See Northern Trust Investments, N.A. v. Domino*, 896 So. 2d 880, 882 (Fla. 4th DCA 2005).

Ninth Affirmative Defense. Even if SELV could be liable for an alleged breach of the Agreement (which it cannot), the County breached the Agreement in the first instance by failing to adopt the SR 16 Improvements into its Five-Year Schedule of Capital Improvements in the Capital Improvements Element of its Comprehensive Plan "at the next scheduled update" as required by Paragraph 6.c of the Agreement, failing to properly account for per unit payments made under the Agreement, failing to maintain those per unit payments in a separate escrow account pursuant to the Agreement, unlawfully finding SEDP in default of the Agreement, and directing the

per unit payments to be disbursed and transferred to the FDOT. The County's breaches go to the essence of the Agreement and are of such significance that they relieve further performance.

Tenth Affirmative Defense. The County has already received more benefit under the Agreement than it would otherwise be entitled to under Florida law. Pursuant to section 163.3180, Florida Statutes, a developer's proportionate share cannot exceed what is necessary to mitigate impacts of the proposed development. Further, a developer cannot be required to remedy existing transportation deficiencies unrelated to its proposed development as a condition of development approval. The $5 million in per unit payments made under the Agreement to date already far exceed the amount required to mitigate the impacts of the proposed development. As such, the County has not suffered any cognizable damage or loss.

Eleventh Affirmative Defense. SELV disputes that it has breached or repudiated the Agreement. However, even if the County is able to establish such claims, the County has elected its remedy by declaring SELV to be in breach of the Agreement, by filing suit (the Second Amended Counterclaim) against SELV, and by asserting default rights to the escrowed funds under the Agreement, among other actions. As such, the County has elected its sole remedy, to recover damages, and the County is barred from seeking to enforce the terms of the Agreement, including without limitation, by way of a request for specific performance of the Agreement.

Twelfth Affirmative Defense. SELV disputes that it has breached or repudiated the Agreement. However, even if the County is able to establish such claims, the County has failed to plead, and will be unable to prove, that it stood ready, willing, and able to perform under the Agreement at the time the County received SELV's alleged repudiation. Specifically, the County will be unable to prove it was ready, willing, and able to perform under the Agreement because the County failed to properly account for per unit payments made under the Agreement, failed to maintain those per unit payments in a separate escrow account pursuant to the Agreement, unlawfully found SEDP in default of the Agreement, and directed the per unit payments to be disbursed and transferred to FDOT.

Thirteenth Affirmative Defense. Discovery in this case has not yet concluded. SELV expressly reserves the right to amend these affirmative defenses as may be necessary and as new facts are discovered.

Respectfully submitted,

**STEARNS WEAVER MILLER**
**WEISSLER ALHADEFF & SITTERSON, P.A.**

s/ *Erin J. Tilton*
**Glenn Burhans, Jr.**
Florida Bar No. 605867
**Erin J. Tilton**
Florida Bar No. 104729
**Liz Desloge Ellis**
Florida Bar No. 97873
**Hannah E. Murphy**
Florida Bar No. 1032759

106 E. College Avenue, Suite 700
Telephone: (850) 580-7200
gburhans@stearnsweaver.com
etilton@stearnsweaver.com
lellis@stearnsweaver.com
hmurphy@stearnsweaver.com

and

**Jacob T. Cremer**
Florida Bar No. 83807
**Nicole A. Neugebauer**
Florida Bar No. 1025043
401 E. Jackson Street, Suite 2100
Tampa, Florida 33602
(813) 223-4800 / (813) 222-5089 (fax)
jcremer@stearnsweaver.com
nneugebauer@stearnsweaver.com

*Counsel for Southeast Land Ventures, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided via the CM/ECF system on this 17th day of January, 2024, to the following:

Gregory T. Stewart
Carly J. Schrader
Matthew R. Shaud
Nabors Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, FL 32308
gstewart@ngnlaw.com
cschrader@ngnlaw.com
mshaud@ngnlaw.com
legal-admin@ngnlaw.com

Alain E. Boileau
Nabors Giblin & Nickerson, P.A.
8201 Peters Road, Suite 1000
Plantation, Florida 33324
aboileau@ngnlaw.com
legal-admin@ngnlaw.com

*Counsel for St. Johns County, Florida*

   s/ *Erin J. Tilton*
Attorney