UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **SOUTHEAST DEVELOPMENT PARTNERS, LLC, & SOUTHEAST LAND VENTURES, LLC,** <br><br>   Plaintiffs and Counter-Defendants, <br><br> v. <br><br> **ST. JOHNS COUNTY, FLORIDA,** <br><br>   Defendant, Counterclaimant, and Third-Party Plaintiff, <br><br> v. <br><br> **DAY LATE ENTERPRISES, INC.,** <br><br>   Counter Defendant. | 3:23-cv-00846-CRK-PDB |

## INTRODUCTION

Before the Court is Counter-Defendant Day Late Enterprises' ("Day Late") motion to dismiss the second amended counterclaim ("SACC") filed by Defendant and Counter-Plaintiff St. Johns County, Florida (the "County"). See generally [Day Late's] Mot. Dismiss Sec. Am. Counterclaim & Inc. Memo. L., Jan. 17, 2024, ECF No. 33 ("Day Late Mot."); [County's] [SACC] For Decl. J. & Supp. Relief, Jan. 3, 2024, ECF No. 31. Day Late seeks dismissal of the counterclaims against it for misjoinder under Federal Rule of Civil Procedure 21 and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Day Late Mot. at 5–12. The County opposes Day Late's motion. See generally [County's] Resp.

3:23-cv-00846-CRK-PDB

Opp'n [Day Late Mot.], Feb. 6, 2024, ECF No. 37 ("County Resp."). For the reasons that follow, Day Late's motion to dismiss from the action for misjoinder is granted.

## BACKGROUND[1]

This motion is made in connection with the suit filed by Southeast Development Partners, LLC ("SEDP") and Southeast Land Ventures, LLC ("SELV") (collectively "the Developer") against the County. See generally [Developer's] Am. Compl. For Decl., Inj., & Other Relief, July 21, 2023, ECF No. 5 ("Dev. Compl."). Prior to filing suit, the Developer sought approval from the County for a "large-scale Comprehensive Plan amendment for the Grand Oaks [Planned Unit Development]" (the "Development"). SACC at ¶ 14. The Development, spanning one ten-year development phase, proposed a mixed-use project on approximately 524 acres of property owned by Day Late, located on State Road 16 ("SR 16"), consisting of "a maximum of 999 single family dwelling units with related amenities, a maximum of 100,000 square feet of commercial space, and a maximum of 50,000 square feet of office space." Id. at ¶¶ 6, 14. The Developer obtained the County's approval for development of residential and commercial units. Id. at ¶ 7.

On September 21, 2018, the Developer and the County entered into a Concurrency and Impact Fee Credit Agreement (the "Agreement") to address the impacts of the construction to the local transportation network. See id. at ¶¶ 1, 20;

---

[1] Recounted only are the relevant facts necessary for disposition of the instant motion before the Court, all of which are taken from the counterclaim and assumed true. See Duty Free Americas, Inc. v. Estee Lauder Cos., Inc., 797 F.3d 1248, 1262 (11th Cir. 2015).

**OPINION AND ORDER - 2**

see generally Exh. A: [Agreement], Sept. 21, 2018, ECF No. 5-1. The Agreement imposes various obligations on the Developer, including construction deadlines within specific timeframes. See SACC at ¶¶ 20–25; Agreement at ¶ 4. Approval and continued development of the plats in the Development is contingent on the Developer satisfying the benchmarks at each phase defined by the Agreement. See SACC at ¶¶ 20–25; Agreement at ¶ 4.

According to the County, Day Late is a for-profit corporation doing business within St. Johns County, Florida, that (i) holds or held title to the land which the Developer seeks to develop; and (ii) at one time applied to develop the same property. SACC at ¶ 7. At the Agreement's formation, Day Late was the legal title holder of all the real property subject to the Agreement. Id. at ¶ 6. It holds title to each plat on the property until each is approved as the Development is constructed. See id. The County does not allege that Day Late obtained the County's approval for development of residential and commercial units on its property. See generally id. The County does not allege that it entered into any type of agreement with Day Late. See generally id. The County does not allege that Day Late is a signatory to the Agreement or has any rights or obligations pursuant to the Agreement. See generally id.

On February 21, 2023, the Board of County Commissioners ("BOCC") rejected the Developer's proposed amendment to the Agreement. Id. at ¶ 27. Subsequently, the County found the Developer in default of the Agreement for failure to meet "some or all" of the Agreement's benchmarks. Id. at ¶¶ 26–29. As a result, the County

**OPINION AND ORDER - 3**

directed funds initially earmarked for the Developer, to be used to construct improvements to SR 16 under the Agreement, to the Florida Department of Transportation to begin work on the highway improvements. Id. at ¶ 30.

On March 14, 2023, the Developer initiated suit against the County in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County, Florida. See generally [Developer's] Am. Compl. For Decl., Inj., and Other Relief, Mar. 14, 2023, ECF No. 1-1 ("State Court Compl."). The Developer sought declaratory, injunctive, and other relief for the County's allegedly erroneous finding that the Developer defaulted on the Agreement. See id. at ¶¶ 51–77. On July 20, 2023, the County removed the action to the United States District Court for the Middle District of Florida, Jacksonville Division, after the Developer's amended state court complaint brought federal claims against the County under 42 U.S.C. §§ 1983 and 1988. See Not. Removal at ¶¶ 1–3, July 20, 2023, ECF No. 1; see also Dev. Compl. at ¶¶ 70–77.

After various amendments to the filings, on January 3, 2024, the County filed the SACC, alleging breach of the Agreement and seeking two counts of relief: (i) for declaratory judgment or, in the alternative, (ii) for specific performance of the contract. See SACC at ¶¶ 35–42. The SACC added Day Late as a necessary party under Federal Rule of Civil Procedure 19(a)(1)(B), claiming Day Late "possesses an interest in the subject of the action and is so situated that disposing of the action will impair or impede Day Late's interest in the development rights afforded under the

**OPINION AND ORDER - 4**

Agreement."[2]  Id. at ¶ 6.  Day Late filed this motion on January 17, 2024.  See generally Day Late Mot.  On February 6, 2024, the County responded in opposition to the motion.  See generally County Resp.

**JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The Court has supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[3]

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  Any decision to add or drop a party to a lawsuit "is left to the sound discretion of the trial court."  See Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co., 792 F.2d 1036, 1045 (11th Cir. 1986).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"  Hunt v. Aimco

---

[2] Day Late was initially joined to the suit by the County as a required party in state court on May 16, 2023, under Florida Rule of Civil Procedure 1.170(h) and Fla. Stat. § 86.091.  See [County's] Answer & Affirm. Defenses to [State Court Compl.] & Am. Counterclaim at ¶ 6, May 16, 2023, ECF No. 16.

[3] Count IV of the Developer's amended complaint seeks declaratory relief against the County for "violating due process rights guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution" pursuant to 42 U.S.C. § 1983, thus bestowing federal question subject-matter jurisdiction onto the Court.  See Dev. Compl. at ¶¶ 71, 77.  The remaining state law claims attach to Count IV under 28 U.S.C. § 1367(a).  See id. at ¶¶ 51–69; SACC at ¶¶ 35–42.

**OPINION AND ORDER - 5**

Props., L.P., 814 F.3d 1213, 1221 (11th Cir. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff's claims are facially plausible where pleaded factual content in the complaint "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When ruling on a motion filed under Rule 12(b)(6), the Court accepts allegations contained in the complaint as true and construes them "in the light most favorable to the plaintiff." Duty Free Americas, 797 F.3d at 1262. However, the allegations must amount to "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Hunt, 814 F.3d at 1221 (internal quotations and citations omitted).

## DISCUSSION

Day Late seeks dismissal[4] of both claims against it: (1) based on misjoinder under Federal Rule of Civil Procedure 21, because Day Late, as a nonparty to the agreement, cannot be liable for breach of the Agreement and thus is not an indispensable party; and (2) under Rule 12(b)(6), because the SACC fails to state any claim against Day Late upon which relief can be granted, as construed under Florida law. See Day Late Mot. at 7–12. The County responds that it properly joined Day Late as a necessary party under Rule 19 given Day Late's ownership rights of the

---

[4] Day Late requests "[a]s a threshold matter" to be dismissed or dropped as a party to the action based on misjoinder. See Day Late Mot. at 7. "Misjoinder of parties does not give ground for dismissal of an action, but such parties may be dropped at any stage of the proceedings. Similarly, a claim against a party may be severed. These same rules apply to suits for a declaratory judgment." F.X. Hooper Co. v. Samuel M. Langston Co., 56 F. Supp. 577, 580 (D.N.J. 1944); see also Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285, 1288 (M.D. Fla. 2002).

**OPINION AND ORDER - 6**

undeveloped property, and that the SACC states a cause of action against Day Late under the Federal Declaratory Judgment Act. See County Resp. at 4–15. For the reasons that follow, Day Late is dismissed from the instant action as a party pursuant to Rule 21.

Federal Rule of Civil Procedure 19 governs situations where a party must be joined to an action. See generally Fed. R. Civ. P. 19. Under the rule, a party is necessary if:

> (A) in that [party's] absence, the court cannot accord complete relief among existing parties; or
> (B) that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may:
>> (i) as a practical matter impair or impede the [party's] ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[5]

Fed. R. Civ. P. 19(a)(1). Whether a party is required to be joined depends upon multiple considerations, including whether complete relief can be granted in the current procedural posture, and the potential harm to the nonparty's interest or risk of multiple or inconsistent obligations incurred by the parties caused by the absence. See Landmark, 631 F. App'x at 885; City of Marietta, 196 F.3d at 1305. The party claiming misjoinder, i.e., the party invoking Rule 19, bears the burden of showing

---

[5] Courts typically confront a Rule 19 analysis when there is a party that ought to be joined and either cannot be joined because it cannot be served or if joined the party destroys jurisdiction. See Fed. R. Civ. P. 21 advisory committee's note to 1966 amendment; Landmark Equity Fund II, LLC v. Residential Fund 76, LLC, 631 F. App'x 882, 885 (11th Cir. 2015).

**OPINION AND ORDER - 7**

whether a party is necessary to the action. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1347 (11th Cir. 2011); BFI Waste Sys. of N. Am., Inc. v. Broward Cnty., 209 F.R.D. 509, 514 (S.D. Fla. 2002) (citing Ship Constr. & Funding Servs. (USA), Inc., v. Star Cruises PLC, 174 F. Supp. 2d 1320, 1325 (S.D. Fla. 2001)).

A party is not necessary under Rule 19 where the Court can provide "complete relief" among the litigants absent that party. See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669–70 (11th Cir. 1982); Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1039 (11th Cir. 2014); Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003). Whether complete relief can be granted requires the consideration of pragmatic concerns in light of the specific facts presented, and includes whether the parties before the Court are all those with a legal interest in the subject of the litigation, see Challenge Homes, 669 F.2d at 670; and whether the requested relief, be that monetary or injunctive, can be fully and completely granted without haling absent parties into the litigation, Winn-Dixie Stores, 746 F.3d at 1039; Focus on the Fam., 344 F.3d at 1280. Courts must also consider whether there is a substantial risk a judgment will impose multiple or otherwise inconsistent obligations. BFI, 209 F.R.D. at 515, 517. Moreover, the Court should factor in the implications of res judicata or collateral estoppel upon an absent party, and whether that party may have full opportunity to litigate after a judgment has been entered. See Challenge Homes, 669 F.2d at 670; BFI, 209 F.R.D. at 516.

**OPINION AND ORDER - 8**

3:23-cv-00846-CRK-PDB

Courts can render declaratory judgment without joinder of an absent party if that judgment can be shaped without affecting the interests of the absentee party. See, e.g., Dintino v. Dorsey, 91 F.R.D. 280, 283 (E.D. Pa. 1981) (declining to join absent parties because declaratory judgment could be made to the full effect that the plaintiff sought); Joscar Co. v. Consol. Sun Ray, Inc., 28 F.R.D. 351, 353 (E.D.N.Y. 1961) (considering the requested declaratory remedies by the parties in finding that the absent party would not be prejudiced and thus dismissal was not necessary); see also 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1616 (3d ed. June 2024 Update).  Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 provide flexibility in shaping relief to achieve such ends.[6]  See Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 107–12 (1968); see also, e.g., Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1191–92 (3d Cir. 1979); Austin Fireworks, Inc. v. T.H.E. Ins. Co., 809 F. Supp. 829, 830–31 (D. Kan. 1992); Case v. Int'l Broth. of Elec. Workers Local Union Number 1547, 438 F. Supp.

---

[6] Rule 57 provides, in pertinent part: "[the Federal Rules of Civil Procedure] govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. . . . The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57.

Concerning declaratory relief, the relevant portions of Section 2201 of Title 28 states:
> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.§ 2201(a).

**OPINION AND ORDER - 9**

3:23-cv-00846-CRK-PDB

856, 860–61 (D. Alaska 1977), aff'd on other grounds sub nom. Stelling v. Int'l Bhd. of Elec. Workers Loc. Union No. 1547, 587 F.2d 1379 (9th Cir. 1978); Am. Marine & Mach. Co. v. Consumers' Gas Co., 379 F. Supp. 82, 86–87 (M.D. Tenn. 1973).

Required joinder in contract cases arises when an action involves joint obligees to a contract. See Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc., 704 F.2d 585, 586–87 (11th Cir. 1983) (surveying law). Generally, joint obligors are not indispensable parties to an action, and litigation can proceed in their absence. See id. at 587 (adopting the majority viewpoint that "joint obligors are not indispensable parties to a suit based on breach of contract"). Conversely, joint obligees are indispensable parties for joinder because the contractual duty or promise is owed to the obligees jointly rather than separately.[7] See Bry-Man's, Inc. v. Stute, 312 F.2d 585, 586–87 (5th Cir. 1963) (finding joinder of obligee indispensable in the interests of consistency, avoiding repetitive litigation, and final and complete decrees between all interested parties);[8] Harrell & Sumner Contracting Co. v. Peabody Petersen Co., 546 F.2d 1227, 1228–29 (5th Cir. 1977) ("The rule generally applied by federal courts is where two or more parties are joint obligees, they are indispensable parties in an

---

[7] However, an absent obligee may not be necessary for disposition of the case if no prejudice would be incurred by the parties or absentee, and effective relief can be granted. See Star Cruises PLC, 174 F. Supp. 2d at 1325–26; S. Nat. Bank of Houston, Tex. v. Tri Fin. Corp., 317 F. Supp. 1173, 1188 (S.D. Tex. 1970) (declining to exercise permissive and mandatory joinder where it would amount to a "useless formality" because the parties were protected and full relief could be effectuated), aff'd in part, vacated in part sub nom. S. Nat. Bank of Houston v. Crateo, Inc., 458 F.2d 688 (5th Cir. 1972).

[8] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

**OPINION AND ORDER - 10**

action for enforcement of that obligation"); Sra v. Int'l Innovation Ctr. of Excellence Bhaasket Corp., No. 6:19-CV-93-ORL-40LRH, 2019 WL 13149833, at 2–3 (M.D. Fla. Dec. 4, 2019) (acknowledging the holding in Harrell as binding authority and that "where a defendant may be liable to multiple different obligees, those absent parties will be indispensable to the litigation").[9]

Permissive joinder—where parties may be joined to an action but are not required for disposition—is governed by Rule 20. See generally Fed. R. Civ. P. 20. Under the rule, defendants may be joined to an action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); see also Alexander v. Fulton Cnty., 207 F.3d 1303, 1323 (11th Cir. 2000) (acknowledging Rule 20's two prerequisites for joinder of a defendant),

---

[9] Where disputes involve real property, courts have considered two factors when presented with joinder under Rule 19: (1) the type of legal interest in the property claimed by individuals, and (2) the nature of the asserted claim. See, e.g., House v. Mine Safety Appliances Co., 573 F.2d 609, 622 (9th Cir. 1978), overruled on other grounds by Warren v. U.S. Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776 (9th Cir. 1984); Gramercy Spire Tenants' Ass'n v. Harris, 446 F. Supp. 814, 821 (S.D.N.Y. 1977); Mashpee Tribe v. New Seabury Corp., 427 F. Supp. 899, 903–04 (D. Mass. 1977); see also 7 Wright & Miller, supra, § 1621. When a party holds a particular interest in real property but does not hold title, the interested party can bring suit to protect its rights without joining the title holder if adequate relief can be granted and the title holder's interest will remain unaffected. See Jeffries v. Georgia Residential Fin. Auth., 678 F.2d 919, 928–29 (11th Cir. 1982). However, when all interested parties, such as cotenants, will be affected by the Court's decision or the interests of justice will be impaired absent some parties from the suit, then all such interested parties must be joined. See, e.g., Broussard v. Columbia Gulf Transmission Co., 398 F.2d 885, 888–89 (5th Cir. 1968); Anderson v. Moorer, 372 F.2d 747, 750–51 (5th Cir. 1967).

**OPINION AND ORDER - 11**

overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003). The underlying policy of the rule is to further judicial economy, as Rule 20 operates to eliminate unnecessary litigation by promoting trial convenience and expediting dispute resolution. See Alexander, 207 F.3d at 1323 (iterating the purpose of Rule 20 but also recognizing countervailing considerations to judicial economy present in other rules); see also Moore v. Comfed Sav. Bank, 908 F.2d 834, 839 (11th Cir. 1990) (finding adequate basis for Rule 20 joinder because the transactions at issue arose from the same or series of transaction or occurrence or series involving the same question of law and fact).

Lastly, Rule 21 provides that the Court may, on just terms, "add or drop a party" at any time,[10] in response to a motion or on its own accord. Fed. R. Civ. P. 21. Any decision to add or drop a party to a lawsuit "is left to the sound discretion of the trial court." See Lampliter, 792 F.2d at 1045. The Court's decision to dismiss a party from the suit is improper only if it amounts to an abuse of discretion. Id. The Court may drop parties pursuant to Rule 21 when the purpose of the party's presence is not readily apparent, see Rakes v. Coleman, 318 F. Supp. 181, 192–93 (E.D. Va. 1970); the plaintiff fails to show cognizable causes of action for declaratory relief in a contractual dispute against joined parties that are not subject to the underlying contract, have no bona fide adverse interests to that of the plaintiff, or against whom claims were previously resolved in prior actions, see Berntheizel v. Safeco Ins. Co.,

---

[10] "The language '[p]arties may be dropped' essentially means that parties may be dismissed." DIRECTV, Inc. v. Boggess, 300 F. Supp. 2d 444, 450 (S.D.W. Va. 2004) (citing 4 James Wm. Moore et al., Moore's Federal Practice § 21.02 (3d ed. 2003)).

**OPINION AND ORDER - 12**

343 F.R.D. 657, 662 (S.D. Fla. 2023); or a party, that is dispensable and with no vested rights in the suit, consents to being dropped from the litigation, see Tarzia v. Am. Sec. Ins. Co., 282 F.R.D. 669, 671–72 (M.D. Fla. 2012).[11]

Here, the County alleges that Day Late "is or was the legal title holder of the real property which is the subject of the Agreement," and that it owned, at execution of the Agreement, "the entire approximate 524-acre subject property, but now, after conveying individual parcels or tracts, Day Late holds title to the remaining acreage." SACC at ¶ 6. The County claims that these considerations render Day Late's presence "necessary for this Court to grant complete relief in the determination of the County's counterclaim" because it "possesses an interest in the subject of the action and is so situated that disposing of the action will impair or impede Day Late's interest in the development rights afforded under the Agreement." Id.

Contrary to the County's assertion, Day Late is not a required party to the litigation under Rule 19. First, Day Late's presence is not necessary for the Court to provide complete relief among the litigants. See Challenge Homes, 669 F.2d at 670. The legal interest giving rise to the cause of action centers on the Agreement between the County and the Developer, not the property which Day Late owns. See id. There is no allegation that Day Late is a party to the Agreement. See Harrell, 546 F.2d at

---

[11] The Court may also drop a party where dismissal of a dispensable, nondiverse party preserves subject-matter jurisdiction, see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 834–45 (1989); Altom Transp., Inc. v. Westchester Fire Ins. Co., 823 F.3d 416, 420 (7th Cir. 2016); or a party is joined for the sole purpose of manufacturing or destroying diversity jurisdiction, see Landmark, 631 F. App'x at 886; Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983).

**OPINION AND ORDER - 13**

1229. That Day Late holds legal title to the land does not alone render it a necessary party under Rule 19. Day Late's purpose in the action is not readily apparent, and the County does not allege how its rights will be affected. See Rakes, 318 F. Supp. at 192–93.

The County concludes, without explanation, that "as the title holder of the remaining, to-be-developed land," Day Late has an interest in the declaratory relief requested. County Resp. at 14. However, the County has failed to allege any way in which Day Late's absence may impair or impede its rights or interests, or that any relief would be precluded if Day Late is not joined. See Winn-Dixie Stores, 746 F.3d at 1039 (evaluating need for absent parties' joinder by considering whether absentee had to be haled into court to effectuate complete relief and the danger of impairing or impeding rights of the absentee); Challenge Homes, 669 F.2d at 670 (same). The County's argument that Day Late "stands to lose all the current development potential on its land for an indeterminate amount of time," County Resp. at 14, is vague and speculative. Appropriate declaratory relief can be rendered in full under the flexibility afforded by Rule 57 and Section 2201 such that joinder is not required under Rule 19. See Challenge Homes, 669 F.2d at 670; see also Owens-Illinois, Inc., 610 F.2d at 1191–92; Austin Fireworks, Inc., 809 F. Supp. at 830–31; Case, 438 F. Supp at 860–61; Am. Marine & Mach. Co., 379 F. Supp. at 86–87.

Nor does the County explain how Day Late's absence would raise a substantial risk of multiple or inconsistent obligations to the present circumstances of the County or the Developer. See BFI, 209 F.R.D. at 517 (requiring more than a hypothetical

**OPINION AND ORDER - 14**

3:23-cv-00846-CRK-PDB

risk of multiple or inconsistent obligations); <u>Sindai</u>, 895 F.2d at 122 (requiring more than a possible risk). Similarly, the County does not allege how Day Late's ability to fully litigate any future issues will be impacted by its absence from the suit. <u>See</u> <u>Challenge Homes</u>, 669 F.2d at 670; <u>BFI</u>, 209 F.R.D. at 516.

Furthermore, Day Late is not a party that may be joined under Rule 20. The County makes no allegation that there is any right to relief asserted against the Developer and Day Late concerning or arising out of the same transaction, occurrence, or series of transaction or occurrences. <u>See generally</u> Count Resp.; SACC; <u>see also</u> Fed. R. Civ. P. 20(a)(2)(A). Nor are there any questions of law or fact common to the Developer and Day Late that will arise from disposition of claims raised by the Developer and the County. <u>See generally</u> County Resp; SACC; Dev. Compl.; <u>see also</u> Fed. R. Civ. P. 20(a)(2)(B).

In light of the foregoing, the County's inclusion of Day Late in the SACC constitutes misjoinder, and Day Late is dropped from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure. <u>See</u> Fed. R. Civ. P. 21; <u>see also</u> <u>Lampliter</u>, 792 F.2d at 1045 (explaining the Court may act in its discretion pursuant to Rule 21); <u>Illinois v. Ampress Brick Co.</u>, 67 F.R.D. 457, 461 (N.D. Ill. 1975). Dismissal pursuant to Rule 21 renders moot Day Late's motion to dismiss under Rule 12(b)(6).

## CONCLUSION

In light of the foregoing, it is

**ORDERED** that Day Late Enterprises, Inc.'s motion to dismiss, <u>see</u> ECF No. 33, is granted pursuant to Federal Rule of Civil Procedure 21; and it is further

**OPINION AND ORDER - 15**

3:23-cv-00846-CRK-PDB

**ORDERED** that Day Late Enterprises, Inc. is dismissed from the action without prejudice; and it is further

**ORDERED** that the Clerk terminate Day Late Enterprises, Inc. as a party.

/s/ Claire R. Kelly<br>Claire R. Kelly, Judge*

Dated:     September 10, 2024
           New York, New York

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER - 16**