UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

| | |
|---|---|
| SOUTHEAST DEVELOPMENT PARTNERS, LLC, & SOUTHEAST LAND VENTURES, LLC,<br><br>    Plaintiffs and Counter-Defendants,<br><br>v.<br><br>ST. JOHNS COUNTY, FLORIDA,<br><br>Defendant, Counterclaimant, and Third-Party Plaintiff. | Case No. 3:23-cv-00846-CRK-PDB |

## INTRODUCTION

Before the Court is Plaintiffs'/Counter-Defendants' Southeast Development Partners, LLC and Southeast Land Ventures, LLC (collectively "SEDP") motion to the stay proceeding and specifically staying enforcement of the Defendant's/Counterclaimant's, St. Johns County, Florida (the "County"), Bill of Costs.  Motion to Stay Proceeding, ECF No. 77 (Oct. 23, 2024) ("Motion to Stay").  For the reasons that follow, the motion is denied.

## BACKGROUND

This dispute arises from a contract between a county and a developer, where the cost to improve a road in connection with a development under the contract far

OPINION AND ORDER - 1

**Case No. 3:23-cv-00846-CRK-PDB**

exceeded estimated costs.  See generally Am. Compl., Jul. 21, 2023, ECF No. 5.  The county maintained the developer committed to building the road regardless of the cost, while the developer maintained that its cost commitments were limited.  Id.; see also St. John's County, Fla. Ans. And Aff. Defenses to Am. Compl. and Am. Counterclaim, Aug. 10, 2023, ECF No. 16.  The County sought summary judgment and the Plaintiff sought partial summary judgment. See St. John's County, FL. Mot. Summ. J., Apr. 26, 2024, ECF No. 44; SEDP Mot. Partial Summ. J., Apr. 26, 2024, ECF No. 47.  On September 13, 2024, this Court granted summary judgment in favor of the County and denied SEDP's motion for partial summary judgment.  See Opinion and Order, Sept. 13, 2024, ECF No. 69.  The Court entered Judgment the same day. Judgment, Sept. 13, 2024, ECF. No. 70.  On September 25, 2024, the County filed its Bill of Costs and supporting documentation.  Bill of Costs, Sept. 25, 2024, ECF No. 73.  SEDP did not file any response to the Bill of Costs.  SEDP did however file a notice of appeal on October 14, 2024. Notice of Appeal, Oct. 14, 2024, ECF No. 74.  On October 16, 2024, the Clerk taxed costs against SEDP in the amount of $22,177.48. Bill of Costs Taxed, Oct. 16, 2024, ECF No. 75.  SEDP filed this Motion to Stay on October 23, 2024.  See Mot. to Stay.   The County filed its response on November 5, 2024. See St. John's County, Fla. Resp. Opp. Pl. Mot. to Stay Pending Appeal, Nov. 11, 2024, ECF No. 79 ("County Resp.").

## DISCUSSION

The County argues that Plaintiffs' motion is moot because Plaintiffs waived any challenge to the Clerk's taxation of costs by failing to timely petition this Court

**OPINION AND ORDER - 2**

Case No. 3:23-cv-00846-CRK-PDB

for review. County Resp. at 2, 4-7. Further, the County argues that even if Plaintiffs' motion is not moot, the motion should be denied on the merits. Id. at 7.

## I. Mootness

Plaintiffs seek to stay enforcement of the Bill of Costs. See generally Mot. to Stay. The County argues that the Motion to Stay is moot because SEDP failed to timely challenge the Bill of Costs. County Resp. at 2, 4-7. Because the Motion to Stay seeks to delay enforcement of costs, not preclude those costs, SEDP's motion is not moot.

Federal Rule of Civil Procedure 54 "codifies a venerable presumption that prevailing parties are entitled to costs," and grants district courts discretion to award costs other than attorney's fees to prevailing parties. Marx v. General Revenue Corp., 568 U.S. 371, 377 (2013); Fed. R. Civ. P. 54(d)(1). Specifically, Rule 54 provides that a clerk may tax costs other than attorney's fees on 14 days' notice, and "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). The Court's function in the taxation of costs process "is merely to review" the Clerk's determination, "[t]herefore nothing normally can come before the court until the clerk has acted and an objection has been made." Lowe v. STME, LLC, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019). The types of costs that may be taxed by the Clerk under Rule 54 are enumerated in 28 U.S.C. § 1920. See 28 U.S.C. § 1920.

Here, the County is correct that SEDP has waived the opportunity to challenge the imposition of costs. However, SEDP's motion does not challenge the costs

**OPINION AND ORDER - 3**

Case No. 3:23-cv-00846-CRK-PDB

themselves, rather it seeks to delay the collection of those costs until the completion of the appeal. Mot. to Stay at 1. Therefore, SEDP's motion is not moot.

## II. Motions to Stay

When evaluating a motion to stay, courts generally weigh four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The first two factors are the "most critical." Nken, 556 U.S. at 434. For the first factor, the applicant must demonstrate "more than a mere possibility of relief." Nken, 556 U.S. at 434; see Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008).

Here, SEDP fails to demonstrate that it is entitled to a stay. SEDP argues that because the Eleventh Circuit Court of Appeals ("Court of Appeals") may interpret the underlying issues of this dispute differently than this Court in a de novo review, SEDP has a substantial likelihood of prevailing on the merits on appeal. Mot. to Stay at 4-5. Simply observing that the Court of Appeals may disagree with this Court does not demonstrate how SEDC has "more than a mere possibility" of success on appeal. Nken, 556 U.S. at 434. Regarding the second factor, SEDP argues that absent a stay SEDP may incur unrecoverable fees disputing the County's Proposed Bill of Costs and may incur additional fees in moving for the return of costs plus their own costs should they prevail on appeal. Mot. to Stay at 5. An injury is only irreparable "if it

**OPINION AND ORDER - 4**

**Case No. 3:23-cv-00846-CRK-PDB**

cannot be undone through monetary remedies," and SEDP has failed to demonstrate how potential future costs incurred could not be remedied through repayment. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

For the third factor, SEDP contends that the County will not be prejudiced by a stay because there has not been a monetary judgment against SEDP and the County's basis to recover costs may be eliminated on appeal and SEDP will retain the burden to show the proposed costs are excessive or unreasonable.[1] Mot. to Stay at 6. The County's Response in Opposition to SEDP's Motion to Stay and the accompanying Exhibit of Day Late's notice to the County raise concerns as to SEDP's ability to satisfy payment of the proposed costs should the Court of Appeals affirm this Court's decision, given that neither entity may continue developing Grand Oaks and at least one entity is a named defendant in five active, related proceedings. County Resp. at 10-12; County Resp. Ex. A. Thus, the County may be injured by a stay as SEDP may have a reduced capacity to satisfy payment of costs after an appeal. Finally, SEDP argues that judicial economy principles warrant a stay because enforcement of the proposed Bill of Costs will require time and resources from the Court and parties, and further resources would be wasted litigating the return of costs should SEDP succeed on appeal. Mot. to Stay at 6. Due to the concern about

---

[1] As discussed above, SEDP has already waived the opportunity to challenge the imposition of the bill of costs by failing to move to vacate the bill of costs within the 7-day period allotted by Rule 54. See Fed. R. Civ. P. 54(d)(1); Garret v. University of South Florida Board of Trustees, No. 8:17-cv-2874-T-23AAS, 2020 WL 4810301, at *1 (M.D. Fla. July 24, 2020).

**OPINION AND ORDER - 5**

**Case No. 3:23-cv-00846-CRK-PDB**

SEDP's potential inability to satisfy payment of costs, the public interest does not lie in allowing SEDP to further delay such payment.

SEDP points to several instances where the Court has stayed or abated enforcement of costs until after an appeal is heard, however, these cases are inapposite. Mot. to Stay at 3-4. SEDP highlights In re Imagitas, Inc. as an example of this Court continuing a stay of any costs motions until the resolution of all appeals, but unlike here, no costs had yet been determined or taxed. In re Imagitas, Inc., No. 3:07-md-2, 3:07-cv-389, 3:07-cv-390, 3:07-cv-391, 3:07-cv-391, 3:07-cv-392, 3:07-cv-393, 3:07-cv-394, 3:07-cv-395, 2011 WL 6934127, at *5 (M.D. Fla. Dec. 30, 2011). Similarly, in Gray v. Novell, Inc., the Court deferred the determination of attorneys' fees and costs pending appeal to conserve the judiciary and parties' resources, while here the costs have already been determined. Gray v, Novell, Inc., 2010 WL 2593608, at *13 (M.D. Fla. Feb. 22, 2010). SEDP cites Kearney Construction Company v. Travelers in support of the proposition that this Court has discretion to stay enforcement of costs pending appeal, and although this Court retains such discretion, as Kearney explains, in the case of a non-monetary judgment courts look to the four factors described above, as the Court does here. Kearney Constr. Co. v. Travelers Cas. & Sur. Co. Of Am., No. 8:09-cv-1850, 2017 WL 2116730, at *2 (M.D. Fla. Apr. 19, 2017) (quoting Hilton v. Braunskill, 481 U.S. at 776). As noted by the County, this case is more akin to Garrett v. Univ. of S. Fla. Bd. Of Tr., where plaintiff failed to timely request to vacate the Clerk's bill of costs and moved to stay enforcement of such costs. County Resp. at 5-7; Garret v. University of South Florida Board of

**OPINION AND ORDER - 6**

Trustees, No. 8:17-cv-2874-T-23AAS, 2020 WL 4810301, at *1 (M.D. Fla. July 24, 2020). Garrett denied the plaintiff's motion to stay because the plaintiff could not demonstrate a likelihood of success on appeal or irreparable injury, as SEDC has similarly failed to demonstrate its entitlement to a stay. Garrett, at *1-2.

## CONCLUSION

For the foregoing reasons SEDP's Motion to Stay is denied.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated:    November 13, 2024
          New York, New York

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.